IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CATHLEEN JOHNSEN, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:12-cv-1025-RJS <br><br> Judge Robert J. Shelby |

Plaintiff Cathleen Johnsen is suing Defendant Wal-Mart Stores, Inc. for injuries arising out of an August 30, 2010 slip and fall. Johnsen alleges her fall is the result of Wal-Mart's failure to keep a soda aisle clear of liquid hazards. Wal-Mart moves for summary judgment. (Dkt. 14.) Johnsen moves under Federal Rule of Civil Procedure 56(d) for time to complete discovery before the court considers Wal-Mart's motion. (Dkt. 17.) Wal-Mart opposes Johnsen's request. (Dkt. 19.) The court grants Johnsen's motion to postpone consideration of Wal-Mart's motion until after the close of discovery, and denies without prejudice Wal-Mart's motion for summary judgment.

Under Rule 56(d) "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may [ ] defer

1

considering the motion or deny it." Fed. R. Civ. P. 56(d). "A party seeking to defer a ruling on summary judgment under Rule 56[(d)] must file an affidavit that explain[s] why facts precluding summary judgment cannot be presented." *Libertarian Party of NM v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007). "This includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Id.* "A party may not invoke the rule by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion." *Id.* at 1308–09.

The parties here stipulated in their joint Attorney Planning Report to a February 28, 2014 discovery cut-off. (Dkt. 8, pg. 3.) The court's Scheduling Order incorporated the proposed deadline. (*See* Dkt. 9.) Wal-Mart's motion may be well-taken, but it is premature. Wal-Mart seeks summary judgment on factual bases, namely, that a liquid hazard was not present on the floor and, even if it were, Wal-Mart did not have notice of the condition. Wal-Mart attaches depositions, affidavits, and a surveillance video in support of its motion. (*See* Dkts. 14-1 through 14-8.) But Johnsen identifies essential discovery yet to be taken that may bear on the evidentiary contentions Wal-Mart raises. Despite Johnsen's requests, Wal-Mart has yet to provide maintenance records for coolers in the store that Johnsen believes were leaking water. Johnsen also seeks additional depositions of employees in charge of the coolers on August 30, 2010 and others. Johnsen further notes that her first set of interrogatories went unanswered, and that discovery generally has been difficult to obtain.

Johnsen identifies particular evidence likely essential for resolution of the factual issues presented by Wal-Mart's motion. She also notes her efforts to obtain this evidence. With a

stipulated deadline in place, the court will defer considering motions for summary judgment until after the close of fact discovery.

For the reasons stated the court GRANTS Plaintiff's motion (Dkt. 17) and DENIES without prejudice Defendant's motion (Dkt. 14). The February 28, 2014 discovery cutoff date will remain in place, after which time the court will consider summary adjudication. The hearing currently set for October 17, 2013 is STRICKEN.

SO ORDERED this 15th day of August, 2013.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge