IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CATHLEEN JOHNSEN,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:12-cv-01025<br><br>Judge Robert J. Shelby |

This is a slip-and-fall case.  Plaintiff Cathleen Johnsen sued Defendant Wal-Mart Stores, Inc. after she was injured from a fall in a Wal-Mart grocery store.  Wal-Mart moves for summary judgment.  As explained below, the court finds that summary judgment is inappropriate because there are disputed issues of material fact.

## BACKGROUND

Ms. Johnsen entered a Wal-Mart in St. George, Utah with her brother, Kenneth Brown.[1] She walked to the soda aisle, picked a bottle of soda, and walked toward Mr. Brown, who was farther down the aisle in the beer section.[2]  She walked about six to ten feet and then fell, injuring her knee.[3]  Mr. Brown heard Ms. Johnsen's screams and tried to help her up but was unable to.[4]

---

[1] Deposition of Cathleen Johnsen (Dkt. 31, exh. A), at 50.
[2] *Id.* at 51.
[3] *Id.* at 52.
[4] Deposition of Kenneth Brown (Dkt. 31, exh. F), at 22.

1

Gerald Cox, a Wal-Mart employee who was working in the nearby meat department, also heard Ms. Johnsen scream.[5] He went to investigate and found Ms. Johnsen lying on the floor.[6] Mr. Cox paged Lance Widdison, an assistant manager at the store, and then called 911.[7]

Mr. Brown, Mr. Cox, and Mr. Widdison investigated the area after Ms. Johnsen fell.[8] Mr. Brown stated that he saw a clear puddle of water on the floor and that water was coming from a refrigerator unit.[9] Mr. Brown also testified that the soda bottle Ms. Johnsen was carrying when she fell did not break and that a Wal-Mart employee later put it back on the rack.[10] Ms. Johnsen also submitted a photograph of an unbroken soda bottle that she claims was the bottle she was carrying.[11] Mr. Brown further stated that the manager of the store inspected the scene with him and agreed with that water was coming from under the refrigeration unit.[12]

Mr. Cox filled out a witness statement the day of the incident and stated that the floor was dry when he arrived at the scene.[13] He later repeated that statement in an affidavit.[14] He also stated in the affidavit that he saw no leak coming from the refrigeration unit and that the unit had no malfunction that would lead to water spilling onto the floor.[15]

Mr. Widdison stated in an affidavit that when he came to the soda aisle, the only liquid on the floor was a dark-colored soda from the bottle that Ms. Johnsen was holding when she fell.[16] Mr. Widdison stated that he found no other liquid in the area that could have caused Ms.

---

[5] Affidavit of Gerald Cox (Dkt. 31, exh. C), at 2.
[6] *Id.*
[7] *Id.*
[8] *Id.*; Deposition of Kenneth Brown (Dkt. 31, exh. F), at 30-32; Affidavit of Lance Widdison (Dkt. 31, exh. D), at 2.
[9] Deposition of Kenneth Brown (Dkt. 31, exh. F), at 31, 34.
[10] *Id.* at 44.
[11] Defendant's Opp. to Mot. for Summary Judgment (Dkt. 33, exh. E).
[12] Deposition of Kenneth Brown (Dkt. 31, exh. F), at 33-34.
[13] Witness Statement of Gerald Cox (Dkt. 31, exh. E).
[14] Affidavit of Gerald Cox (Dkt. 31, exh. C), at 2.
[15] *Id.*
[16] Affidavit of Lance Widdison (Dkt. 31, exh. D), at 2.

Johnsen to fall.[17]  He also stated that he saw no leak coming from the refrigeration unit and that there was not a malfunction that would cause a water leak.[18]

The surveillance video from Wal-Mart shows Ms. Johnsen fall, but it is unclear whether there was any liquid on the floor at the time or whether any liquid spilled from the bottle she was holding.[19]  Wal-Mart employees later placed a wet-floor sign in the area.

Ms. Johnsen sued Wal-Mart, claiming that Wal-Mart created a hazardous condition that led to her fall.  Her sole cause of action is negligence.

## ANALYSIS

### I. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20]  The court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party."[21]  Importantly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[22]

### II. Negligence

Under Utah's premises liability law, business owners are "charged with the duty to use reasonable care to maintain the floor of [their] establishment in a reasonably safe condition for [their] patrons."[23]  A store owner who breaches that duty by creating a hazard may be liable for resulting injuries.[24]

---

[17] *Id.*
[18] *Id.*
[19] Dkt. 44.
[20] Fed. R. Civ. P. 56(a).
[21] *N. Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008).
[22] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[23] *Schnuphase v. Storehouse Markets*, 918 P.2d 476, 478 (Utah 1996).
[24] *Id.*

Ms. Johnsen argues that Wal-Mart breached its duty by creating a temporary hazard. Under a temporary unsafe condition theory, a plaintiff must show (1) that the owner of a business "had knowledge of the condition, that is, either actual knowledge, or constructive knowledge because the condition had existed long enough that [the owner] should have discovered it," and (2) "that after such knowledge, sufficient time elapsed that in the exercise of reasonable care [the owner] should have remedied it."[25] Where the owner has created the unsafe condition, "the notice requirement does not apply because owners are deemed to know of the conditions they create."[26] A genuine issue of material fact exists in cases where the existence or source of the hazard is contested.[27]

Here, there is a genuine dispute of material fact regarding whether a puddle existed and whether Wal-Mart created it. Disputes over whether there was liquid on the floor or where the liquid came from affect the issue of whether Wal-Mart created or knew about a hazardous condition, which is dispositive to the outcome of this lawsuit. Mr. Brown's deposition and Mr. Cox's and Mr. Widdison's affidavits conflict. Mr. Cox stated that there was no liquid on the floor and Mr. Widdison stated that there was only soda on the floor, which came from the bottle Ms. Johnsen dropped. Those facts, if proved at trial, would show that there was no hazardous condition and Wal-Mart would not be liable. On the other hand, Mr. Brown stated that there was a clear liquid on the floor and that a Wal-Mart employee placed the unbroken soda bottle on the rack after the incident. Ms. Johnsen also submitted a photograph of an unbroken soda bottle that she claims was the soda bottle she was carrying. Those facts, if proved at trial, would show that there was a hazardous condition and that Wal-Mart may have been negligent by creating it or failing to remedy it in a reasonable timeframe.

---

[25] *Allen v. Federated Dairy Farms, Inc.*, 538 P.2d 175, 176 (Utah 1975).
[26] *Jex v. JRA, Inc.*, 196 P.3d 576, 582 (Utah 2008) (alteration in original) (internal quotation marks omitted).
[27] *See id.*

In view of the conflicting evidence, the court finds that summary judgment is inappropriate.

## CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgment (Dkt. 31) is DENIED.

SO ORDERED this 2nd day of March, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge